NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2023 CA 1212

FELICIA COVINGTON WILLIAMS

VERSUS

LAWRENCE WILLIAMS, JR.

*Judgment Rendered:* JUN 1 4 2024

\* \* \* \* \* \* \* \*

Appealed from the
20th Judicial District Court
In and for the Parish of East Feliciana
State of Louisiana
Case No. 43330, Division A

The Honorable Kathryn E. Jones, Judge Presiding

\* \* \* \* \* \* \* \*

| | |
|---|---|
| Chris D. Nalls<br>Baton Rouge, Louisiana | Counsel for Plaintiff/Appellant<br>Felicia Covington Williams |
| Angela F. Lockett<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellee<br>Lawrence Williams, Jr. |

\* \* \* \* \* \* \* \*

BEFORE: THERIOT, PENZATO, AND GREENE, JJ.

**THERIOT, J.**

Felicia Covington Williams appeals a judgment signed by the 20th Judicial District Court on June 14, 2023, which related to the partition of community property. The appealed judgment includes several stipulations, as well as the trial court's ruling on an issue tried by the parties at an April 5, 2023 community property partition hearing. For the following reasons, the June 14, 2023 judgment is affirmed.

**FACTS AND PROCEDURAL HISTORY**

Appellant, Felicia Covington Williams ("Felicia"), and Appellee, Lawrence Williams, Jr. ("Lawrence"), were married on July 26, 1997. Felicia filed a petition for divorce on October 29, 2014, wherein she asserted that the parties had not yet physically separated but intended to do so. Felicia requested exclusive use and occupancy of the matrimonial domicile or, in the alternative, rental reimbursement.

On December 14, 2015, Felicia filed a rule to show cause why the divorce should not be granted. In both her rule to show cause and in an attached affidavit, Felicia asserted that she and Lawrence physically separated on March 30, 2015. The trial court granted a judgment of divorce on February 22, 2016.

On June 11, 2018, Felicia filed a petition to partition community property. The parties appeared before the trial court for a hearing on the partition of community property on April 5, 2023. At the hearing, the parties came to an agreement on all but one pending issue. The remaining issue related to certain withdrawals made from Lawrence's retirement account and whether Felicia was entitled to reimbursement of any of the retirement funds. At the conclusion of the hearing, the trial court ruled that Felicia failed to rebut the presumption that Lawrence used his retirement funds, which were withdrawn in April 2013 and June 2013, for the benefit of the community. A judgment to this effect was signed by the trial court on June 14, 2023.

This appeal by Felicia followed.

## ASSIGNMENTS OF ERROR

Felicia assigns the following as error:

(1) The trial court committed manifest error when it awarded rental reimbursement to Lawrence absent a ruling awarding either party the exclusive use and occupancy of the family home.

(2) The trial court committed manifest error when it awarded rental reimbursement to Lawrence absent a showing of an agreement by the parties.

(3) The trial court committed manifest error when it awarded rental reimbursement to Lawrence absent expert testimony.

(4) The trial court committed manifest error when it gave Lawrence credit for $67,000.00 in repairs he claims he made to the family home without introducing any receipts at trial.

(5) The trial court committed manifest error when it awarded Lawrence half-credit for payments made on the family home absent evidence of any payments after termination of the community regime.

## STANDARD OF REVIEW

Under Louisiana law, property of married persons is generally characterized as either community or separate. La. Civ. Code art. 2335. Property in the possession of a spouse during the existence of the community property regime is presumed to be community, but either spouse may rebut the presumption. See La. Civ. Code art. 2340. The spouse seeking to rebut the presumption bears the burden of proving the property is separate in nature. A trial court's findings regarding the nature of property as community or separate is a factual determination subject to manifest error review. *Berthelot v. Berthelot*, 2017-1055 (La. App. 1 Cir. 7/18/18), 254 So.3d 800, 807. Similarly, a trial court's findings as to whether reimbursement claims have been sufficiently established are reviewable under the manifest error standard. *Corkern v. Corkern*, 2005-2297 (La. App. 1 Cir. 11/3/06), 950 So.2d 780, 787.

3

A trial court's factual finding is manifestly erroneous/clearly wrong when, after review of the entire record, the appellate court finds that no reasonable factual basis exists for the finding and that it is manifestly erroneous or clearly wrong. See *Stobart v. State through Dept. of Transp. and Development*, 617 So.2d 880, 882 (La. 1993). If, in light of the record in its entirety, the trial court's findings are reasonable, then the appellate court may not reverse, even if convinced it would have weighed the evidence differently sitting as the trier of fact. Where the factfinder's determination is based on its decision to credit the testimony of one of two or more witnesses, its finding can virtually never be manifestly erroneous. *Matherne v. Polite*, 2022-0194 (La. App. 1 Cir. 11/4/22), 355 So.3d 664, 668.

**DISCUSSION**

Assignments of Error #1, #2, #3, and #5

In her first three assignments of error, Felicia argues that the trial court committed manifest error when it awarded rental reimbursement to Lawrence. In her fifth assignment of error, Felicia asserts that the trial court committed manifest error by crediting Lawrence for mortgage payments on the family home absent any evidence of those payments. Lawrence argues in response that these issues were stipulated to by both parties on the record at the April 5, 2023 hearing and thus cannot be challenged on appeal.

A compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship. La. Civ. Code art. 3071. A compromise shall be made in writing or recited in open court, in which case the recitation shall be susceptible of being transcribed from the record of the proceedings. La. Civ. Code art. 3072.

A consent or a stipulated judgment is a bilateral contract by which the parties adjust their differences by mutual consent, with each party balancing his hope of gain against his fear of loss. Its binding force arises from the voluntary

4

acquiescence of the parties, rather than the adjudication by the court. *Leonard v. Reeves*, 2011-1009 (La. App. 1 Cir. 1/12/12), 82 So.3d 1250, 1261.

Generally, there is no right to appeal a consent or stipulated judgment. That is because "[a]n appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him." *M.P.W. v. L.P.W.*, 2013-0366 (La. App. 1 Cir. 11/1/13), 136 So.3d 37, 44.

At the April 5, 2023 hearing, the parties stipulated that the fair market rental value of the home for the period of March 30, 2015 through April 5, 2023 was $184,300.00, and that Lawrence was entitled to half, which totaled $92,150.00. The parties also stipulated that Lawrence was entitled to reimbursement in the amount of $7,270.83 for payments made on one of the parties' two mortgages.

After the parties' stipulations were read into the record, Felicia and Lawrence testified under oath that they had heard and understood the stipulations that were read into the record and that they agreed with same. The trial court's June 14, 2023 judgment reflected the same stipulations and amounts. Because Felicia stipulated on the issues of rental reimbursement and mortgage reimbursement, she cannot challenge these issues on appeal. These assignments of error lack merit.

Assignment of Error #4

In her fourth assignment of error, Felicia argues that the trial court committed manifest error when it gave Lawrence credit for "$67,000.00 in repairs he claims he made to the family home . . . without introducing any receipts at trial," which Felicia asserts eliminated her right to reimbursement of the retirement funds Lawrence had previously withdrawn and which were at issue at the April 5, 2023 hearing. Felicia is referring to the trial court's holding that Felicia failed to rebut the presumption that funds withdrawn by Lawrence from his pension

retirement account during the marriage were used for the benefit of the community. Essentially, she seeks reimbursement for her share of the retirement funds.

Things in the possession of a spouse during the existence of a regime of community of acquets and gains are presumed to be community, but either spouse may prove that they are separate property. La. Civ. Code art. 2340. Similarly, all obligations incurred by a spouse during the existence of a community property regime are generally presumed to be community obligations. La. Civ. Code art. 2361. A separate obligation of a spouse is one incurred by that spouse prior to the establishment of a community property regime, or one incurred during the existence of a community property regime though not for the common interest of the spouses or for the interest of the other spouse. La. Civ. Code art. 2363. If community property has been used during the existence of the community property regime or former community property has been used thereafter to satisfy a separate obligation of a spouse, the other spouse is entitled to reimbursement for one-half of the amount or value that the property had at the time it was used. La. Civ. Code art. 2364. The burden of proof is on the party claiming reimbursement. *Corkern*, 950 So.2d at 787.

At the April 5, 2023 hearing, the parties stipulated that Lawrence withdrew $67,347.36 from his retirement account on April 16, 2013, and that he withdrew $16,836.84 from his retirement account on June 18, 2013. Lawrence testified that he spent the retirement funds on a television, a washing machine, and a dryer for the parties' home. He also testified that he used the retirement funds to purchase several vehicles, including one for the parties' daughter. He further testified that he paid to have the parties' home painted with the retirement funds. In sum, Lawrence asserted that the retirement funds had been used for the benefit of the community while he was still living in the matrimonial domicile, but admitted that

he did not have any documentation to prove that the funds were used for those purposes.

Felicia admitted to signing a document in March or April 2013 which authorized Lawrence to withdraw his retirement funds in the form of a lump sum. However, she testified that it was her understanding that Lawrence would be depositing the retirement funds into the parties' shared bank account and that she had expected to receive some of the funds. Felicia testified that Lawrence made a down payment on a vehicle in June 2013 and purchased another vehicle and a motorcycle in 2014. She denied that Lawrence had made any other purchases for the home or made any repairs during this time frame.

At the conclusion of the hearing, the trial court noted that the retirement funds had been withdrawn in April and June 2013 and that Felicia had consented to the withdrawal. The trial court also noted that neither party presented documentary evidence concerning the purchases at issue. The trial court further pointed out that Felicia's divorce pleadings provided that the parties did not physically separate until March 30, 2015, nearly two years after the funds were withdrawn.[1] The trial court determined that the presumption of community applied to the retirement funds and held that Felicia had not overcome the presumption that the funds had been used to benefit the community.

Having reviewed the record, we find that the trial court's factual findings were reasonable. See Stobart, 617 So.2d at 882. Felicia consented to the withdrawal of the retirement funds and filed pleadings and affidavits wherein she alleged that the parties had physically separated on March 30, 2015, nearly two years after Lawrence withdrew the funds. Although Felicia denied that Lawrence

---

[1] Felicia testified at the hearing that the parties had physically separated in late 2013. She claimed that she used March 30, 2015 as the date of physical separation in her pleadings because she needed to demonstrate that she and Lawrence had been living separately for the requisite amount of time needed to obtain a divorce. It is unclear how a later, more recent separation date would serve that purpose.

used the retirement funds to benefit the community, Lawrence claimed otherwise and testified about the various items he purchased with those funds, all of which would have benefitted the community. Further, the presumption of community applies. Considering the foregoing, we cannot say that the trial court's findings were manifestly erroneous. This assignment of error lacks merit.

## DECREE

For the above and foregoing reasons, the trial court's June 14, 2023 judgment is affirmed. Costs of this appeal are assessed to Appellant, Felicia Covington Williams.

**AFFIRMED.**